UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MORRIS K. HINTON, JR.,<br>    Petitioner, | Case No. 1:19-cv-977 |
| | Cole, J. |
| v. | Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On January 8, 2020, the undersigned issued a Report and Recommendation to dismiss this habeas corpus action for want of prosecution. (Doc. 6). As noted in the Report and Recommendation, on November 20, 2019, upon determining that petitioner has sufficient funds available to pay the filing fee in order to institute this action, the Court issued an Order denying petitioner's motion. (Doc. 2). Petitioner was ordered to pay the $5.00 filing fee within thirty (30) days and was advised that failure to pay the filing fee would result in the existing action being closed on the Court's docket. Petitioner failed to pay the filing fee within the thirty-day limit and it was recommended that this action be dismissed for petitioner's failure to comply with the November 20, 2019 Order. (*See* Doc. 6).

On January 17, 2020, the Court received a filing fee receipt for the filing fee in this action. (Doc. 7). By Order issued February 20, 2020, the undersigned vacated the January 8, 2020 Report and Recommendation. (Doc. 8). However, because petitioner failed to apprise the Court of his current address, the Court ordered petitioner to show cause why this action should not be dismissed for lack of prosecution. To date, more than fifteen days after the February 20, 2020 Order, petitioner has failed to respond to the Court's Order.[1]

---

[1] On March 10, 2020 the Order was returned to the Court marked "return to sender" and "released 12-13-2019." (*See* Doc. 10).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Petitioner's failure to inform the Court of his change of address warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, petitioner's petition for a writ of habeas corpus (Doc. 5) should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MORRIS K. HINTON, JR.,
    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-977

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).